**IN THE COURT OF APPEALS OF IOWA**

No. 14-0547
Filed March 11, 2015

**IN THE INTEREST OF**

**A.C.,Minor Child,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour,

District Associate Judge.

A.C. appeals from the order adjudicating him a delinquent. **AFFIRMED.**

Marshall W. Orsini of Carr & Wright, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney

General, John P. Sarcone, County Attorney, and Christine Gonzalez, Assistant

County Attorney, for appellee State.

Considered by Vaitheswaran, P.J., Mullins, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, S.J.**

A.C. appeals from the order adjudicating him a delinquent after he was found to have committed two acts of assault, in violation of Iowa Code section 708.1 (2013), and one act of assault causing bodily injury, in violation of Iowa Code sections 708.1 and 708.2(2). He contends the juvenile court erred in finding he assaulted school employees.

**I. Background Facts.**

On November 11, 2013, seventeen-year-old A.C. arrived at Des Moines North High School. When Vice Principal Edward McCulley encountered A.C., he smelled the odor of marijuana and suspected A.C. was under the influence of the drug. McCulley attempted to search A.C. for marijuana, but A.C. became belligerent and refused. A.C. attempted to leave the office by pushing past McCulley, who was blocking his exit, and threatened to punch McCulley in the face if McCulley did not get out of the way.

Other school employees were alerted to the disruption and attempted to calm A.C. down. They described his demeanor as belligerent, upset and erratic, out of control, and enraged. A.C. persisted in trying to leave and, in the process, pushed the campus monitor and kicked him in the leg. The staff then attempted to restrain A.C., who continued to resist by kicking and yelling. He succeeded in kicking the school social worker in the chest and the athletic director in the hip.

A.C. was charged with two counts of simple assault and one count of assault causing bodily injury. He pled not guilty to all charges, and a delinquency trial was held. After hearing testimony from A.C. and school employees, and

viewing a videotape of the incident, the juvenile court found A.C. committed the delinquent acts charged and adjudicated him a delinquent.

## II. Scope of Review.

Before a child can be adjudicated delinquent, the State must overcome the presumption of innocence and prove beyond a reasonable doubt the child engaged in delinquent conduct. *In re J.A.L.*, 694 N.W.2d 748, 751 (Iowa 2005). We review delinquency proceedings de novo. *Id.* We give weight to the juvenile court's factual findings, especially when considering witness credibility, though we are not bound by those findings. *Id.* at 754.

## III. Merits.

A.C. first argues there is insufficient evidence he committed the acts of assault because there is no showing he intended for his contact with school employees to insult or offend. *See* Iowa Code § 708.1 (defining assault as an act that "is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act"). The statute requires the accused have the specific intent "'to place another in fear of immediate contact which will be painful, injurious, insulting, or offensive.'" *State v. Copenhaver*, 844 N.W.2d 442, 452 (Iowa 2014) (quoting Iowa Code § 708.1(2)). We may infer that intent from the accused's actions and the circumstances of the transaction. *Id.* Here, A.C. intentionally pushed and kicked school employees after threatening to punch McCulley. The evidence shows beyond a reasonable doubt that A.C. committed the acts of assault.

In the alternative, A.C. argues he was justified in using force. *See* Iowa Code § 704.3. ("A person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or another from any imminent use of unlawful force."). A person is not justified in using force if that person started or continued the incident that resulted in the injury. *See State v. Shanahan*, 723 N.W.2d 121, 134 (Iowa 2006). Although A.C. claims his "physical agitation became elevated" after he was restrained by school employees, the record shows A.C. initiated the incident by threatening and assaulting school staff before any attempt was made to restrain him. Accordingly, A.C. was not justified in using force.

Because the evidence proves beyond a reasonable doubt that A.C. committed acts intended to insult or offend without justification, we affirm the order adjudicating him delinquent.

**AFFIRMED.**